NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO CESAR HUERTA-CARILLO, | No. 16-73724 |
| Petitioner, | Agency No. A092-474-925 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2022**
Pasadena, California

Before: BRESS and BUMATAY, Circuit Judges, and GLEASON,*** District
Judge.

Julio Huerta-Carillo petitions for review of a Board of Immigration Appeals

("BIA") decision denying his motion for *sua sponte* reopening based on a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sharon L. Gleason, Chief United States District Judge for the District of Alaska, sitting by designation.

fundamental change in the law. We generally lack jurisdiction to review the denial of a *sua sponte* motion for reopening. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002). However, we retain jurisdiction "for the limited purpose of reviewing the reasoning behind the decision[] for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). We deny Huerta-Carillo's petition.

1.     The BIA's denial of Huerta-Carillo's motion for *sua sponte* reopening did not rest on a legal or constitutional error. The BIA found that, even assuming there was a fundamental change in the law, the time between the change and the filing of Huerta-Carillo's motion was too long to justify reopening. In its analysis, the BIA examined the time that had elapsed in prior cases of *sua sponte* reopening, and determined that Huerta-Carillo's fourteen-month delay did not warrant reopening.

In reaching this decision, the BIA did not "misconstrue[] the parameters of its *sua sponte* authority[.]" *See Lona v. Barr*, 958 F.3d 1225, 1237 (9th Cir. 2020). Instead, the BIA exercised its discretion by reaching a decision based on the length of time that Huerta-Carillo waited to bring his claim. When the BIA does so, "there is nothing left for us to review." *Id.* at 1235 (simplified). Because the BIA did not commit any legal or constitutional error in determining that Huerta-Carillo waited too long to bring his claim, we lack jurisdiction to consider the denial of his motion for *sua sponte* reopening. *Cf. Bonilla*, 840 F.3d at 581–82.

**DENIED**.